THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| ALBERTO HERNANDEZ,<br><br>        Plaintiff,<br><br>    v.<br><br>CAESARS LICENSE CO., LLC,<br><br>        Defendant. | Civil Action No. 19-6087<br><br>**OPINION** |
| ALBERTO HERNANDEZ,<br><br>        Plaintiff,<br><br>    v.<br><br>CAESARS LICENSE CO., LLC,<br><br>       Defendant. | Civil Action No. 19-6088<br><br>**OPINION** |

**APPEARANCES:**

STAMOULIS & WEINBLATT LLC
By: Stamatios Stamoulis, Esq.
800 N West Street, Third Floor
Wilmington, Delaware 19801
        Counsel for Plaintiff

COOPER, LEVENSON, PA
By: Russell L. Lichtenstein, Esq.
1125 Atlantic Avenue, Third Floor
Atlantic City, New Jersey 08401-4891
        Counsel for Defendants

**BUMB**, UNITED STATES DISTRICT JUDGE:

Plaintiff Alberto Hernandez is an "activist for [Americans with Disabilities Act] compliance." (Docket 19-6087 Amend. Compl. ¶ 16; Docket 19-6088 Amend. Compl. ¶ 16)[1] He specifically alleges in his pleadings that, as "an advocate of the rights of similarly situated individuals," he brings these suits as a "'tester'" to "determin[e] whether [the Defendant's] websites are in compliance with the ADA's requirement under 28 C.F.R. § 36.302(e)(1)(ii)." (Docket 19-6087 Amend. Compl. ¶ 18; Docket 19-6088 Amend. Compl. ¶ 18)

Defendant, Ceasar's License Co., LLC, which is responsible for Bally's and Ceasar's hotels / casinos, moves to dismiss the cases pursuant to Fed. R. Civ. P. 12(b)(1) asserting that Hernandez lacks Article III standing. For the reasons stated herein, the motions will be granted.

---

[1] As set forth in further detail infra, on February 18, 2019, Hernandez filed eight complaints in this District, including the complaint at issue in Alberto Hernandez v. Caesars License Company d/b/a Harrah's Resort Atlantic City, 2019 WL 4894501 (D.N.J. October 4, 2019) (Kugler, S.D.J.). All of the complaints allege that various Southern New Jersey tourist destinations have violated the Americans with Disabilities Act. The allegations of the Amended Complaints in the above-captioned cases are not meaningfully distinguishable from each other for the purposes of the instant motions, and the parties are represented by the same lawyers in both cases. Thus, the Court addresses both cases, and the respective Motions to Dismiss filed in each case, in this single opinion.

2

**I.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On February 18, 2019, Hernandez filed eight ADA suits in this District, including the two above-captioned cases.  Each complaint seeks injunctive relief and attorneys fees for alleged violations of the Americans with Disabilities Act ("ADA"). Hernandez, who allegedly cannot walk without the use of assistive devices as a result of a partial leg amputation, specifically pleads that he "has decided to become an activist for ADA compliance so that places of public accommodation comply with the law."  (Complaints, ¶ 16)

Hernandez resides in Miami, Florida. (Complaints ¶ 1)  He alleges that he visited the websites for the two hotels / casinos at issue-- Bally's and Caesar's, both located in Atlantic City, New Jersey-- "for the purpose of reviewing and assessing the accessible features at the Propert[ies] in order to ascertain whether [they] meet[] Plaintiff's individual disability needs[.]"  (Id. ¶ 30)  Hernandez alleges that he was unable to find the accessibility information that the ADA regulations allegedly require the websites to provide, see 28 C.F.R. § 36.302(e)(1)(ii), and therefore seeks an Order directing the Defendant to "fix[] the Propert[ies'] [reservation] website[s] so that [they] are compliant with the ADA."  (Id. ¶ 52)

Upon initial review of the two pleadings at issue in the above-captioned cases, this Court issued an Order to Show Cause why the cases should not be dismissed for lack of Article III standing. [See Docket 19-6087, Entry #4; Docket 19-6088, Entry #4] In that Order, the Court, *sua sponte*, raised the specific issue now before the Court upon Defendant's Motions to Dismiss, observing that "it does not appear that Plaintiff has pled an injury in fact." [Id.] In response to the Order, Hernandez filed a 21-page brief. [See Docket 19-6087, Entry #5; Docket 19-6088, Entry #5] The Court reserved decision on the issue.

Shortly thereafter, Defendant moved to dismiss the complaints, asserting that Hernandez lacked Article III standing. [See Docket 19-6087, Entry #14; Docket 19-6088, Entry #13] In response, Hernandez filed Amended Complaints in both cases. [See Docket 19-6087, Entry #17; Docket 19-6088, Entry #16]. The amended pleadings did not make any substantive changes to the factual allegations relevant to the standing analysis. In particular, the Amended Complaints do not allege that Hernandez desires or intends to patronize the hotels / casinos at issue. Hernandez merely alleges, "Plaintiff intends to revisit Defendant's or Defendant's third-party agent's website and/or online reservation system in order to test it for compliance with 28 C.F.R. § 36.302(e) and/or otherwise determine if the site provides enough information for Plaintiff to

determine whether the site comes into compliance with the guidelines of the aforementioned law." [Docket 19-6087, Entry #17, ¶ 37; Docket 19-6088, Entry #16, ¶ 37]

Defendant's motions to dismiss the Amended Complaints are presently before the Court. Hernandez filed opposition on July 1, 2019. Defendant filed its reply on July 9, 2019. On October 4, 2019, Senior District Judge Kugler ruled that Hernandez had not adequately pleaded standing in <u>Alberto Hernandez v. Caesars License Company d/b/a Harrah's Resort Atlantic City</u>, 2019 WL 4894501 (D.N.J. October 4, 2019).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) provides that the defense of lack of subject matter jurisdiction may be asserted by motion. Lack of Article III standing is lack of subject matter jurisdiction. <u>Kamal v. J. Crew Grp., Inc.</u>, 918 F.3d 102, 119 (3d Cir. 2019). Defendants assert a facial attack on standing, therefore the Court applies the same standard as would be applied on a motion to dismiss under Rule 12(b)(6). <u>In re Horizon Healthcare Servs. Inc. Data Breach Litig.</u>, 846 F.3d 625, 633 (3d Cir. 2017). Thus, the Court "accept[s] the Plaintiff['s] well-pleaded factual allegations as true and draw[s] all reasonable inferences from those allegations in the Plaintiff['s] favor." <u>Id.</u>

5

**III. ANALYSIS**

In <u>Alberto Hernandez v. Caesars License Company d/b/a Harrah's Resort Atlantic City</u>, Judge Kugler held that Hernandez lacked standing to pursue his claims concerning Harrah's website because Hernandez had not pleaded facts establishing that he had suffered a concrete injury. 2019 WL 4894501 (D.N.J. October 4, 2019) (Kugler, S.D.J.). In particular, Judge Kugler explained, "[w]ithout an allegation that he was actually considering staying in Harrah's or that his experience accessing information on the Website was detrimentally different due to his disability, Plaintiff cannot demonstrate concrete injury." <u>Id.</u> at *4.

As set forth above, these cases are practically identical to Judge Kugler's case; the only difference appears to be the identity of the particular hotel / casino websites at issue--<u>i.e.</u>, Harrah's in Judge Kugler's case, Bally's and Ceasar's in the above-captioned cases. Thus, the question presented in the above-captioned cases is whether Hernandez has alleged either that: (a) he is actually considering staying at either Caesar's Atlantic City or Bally's Atlantic City, or (b) his experience accessing information on the websites at issue was detrimentally different due to his disability. The answer to both (a) and (b) is plainly no. The Amended Complaints do not allege that Hernandez contemplated patronizing either hotel / casino when he

6

accessed their websites.  Indeed, to the contrary, Hernandez pleads that he had a different motivation: to test whether the websites complied with the ADA regulations.

Moreover, there is no allegation that Hernandez's experience in accessing the websites was detrimentally different because of his disability.  Rather, Hernandez alleges that certain information that should be on the websites is absent from the websites, and therefore no one can access it, regardless of whether the person attempting to find the information has a disability.  Thus, Hernandez has alleged only a generalized grievance that is not particular to him, and he therefore has failed to allege facts sufficient to support Article III standing.

Although this is a civil rights case, the Court will not grant Hernandez a second opportunity to amend his complaints in these cases.  Even in civil rights cases, the Court need not offer amendment when amending would be futile or inequitable. Mullin v. Balicki, 875 F.3d 140, 151 (3d Cir. 2017).  In light of the procedural history of these two cases, the Court finds that allowing amendment of the Amended Complaints would be both futile and inequitable.

Hernandez has been well-aware of the Article III standing issue from the very outset of these cases.  He comprehensively responded to this Court's Order to Show Cause, and he filed an

7

Amended Complaint in response to Defendant's first Motions to Dismiss.  Moreover, after Judge Kugler issued his decision, Hernandez did not move to amend his complaint in Judge Kugler's case (despite having been granted leave to do so), and Hernandez did not move this Court to amend the pleadings in the above-captioned cases in light of Judge Kugler's opinion.  The only reasonable conclusion to be drawn from these facts is that if Hernandez could, in good faith, plead facts that would support his Article III standing, he would have done so (or requested to do so) by now.  He has not.  Accordingly, this Court concludes that amendment would be futile.

For similar reasons, this Court also finds that allowing amendment would be inequitable to Defendant, who has already filed two motions to dismiss addressing the standing issue in each of the above-captioned cases.  Therefore, the Court will not grant Hernandez leave to amend the Amended Complaints in the above-captioned cases, and the cases will be dismissed.  The dismissals, however, will be without prejudice insofar as lack of Article III standing is a defect in subject matter jurisdiction and not an adjudication on the merits.  See Kamal v. J. Crew Grp., Inc., 918 F.3d 102, 119 (3d Cir. 2019) ("'[b]ecause the absence of standing leaves the court without subject matter jurisdiction to reach a decision on the merits, dismissals with prejudice for lack of standing are generally

improper.'") (quoting Cottrell v. Alcon Labs., 874 F.3d 154, 164 n.7 (3d Cir. 2017)).

**IV. CONCLUSION**

For the foregoing reasons, Defendant's Motions to Dismiss will be granted.  An appropriate Order shall issue on this date.


Dated: December 4, 2019

s/ Renée Marie Bumb
RENÉE MARIE BUMB
UNITED STATES DISTRICT JUDGE